TRIPPE *v.* PRITCHARD *et al.*

Under the pleadings and evidence in this case it was erroneous to grant an interlocutory injunction.

               APRIL 27, 1910.

Injunction. Before Judge Morris. Cobb superior court. October 30, 1909.

*Gober & Griffin,* for plaintiff in error.   *Clay & Morris,* contra.

ATKINSON, J.   The exception is to an interlocutory order enjoining the defendant from selling certain land.   The pleadings and evidence are somewhat confused.   While there are some allegations of the petition which indicate that the plaintiffs might rely for recovery upon some undisclosed title evidenced only by present joint possession of the plaintiffs and defendant, the petition should be construed more properly as an effort to assert title on account of an implied trust resulting from a purchase in which the plaintiffs and defendant contributed jointly to the payment of the purchase-price, and for convenience only took the deed in the name of the defendant alone.   One of the prayers was to reform the deed so that it would convey the property not only to the defendant, but also to the plaintiffs.   So construing the petition, we do not think it would be a proper case for the grant of an injunction.   In her answer the defendant denied that the purchase was a joint purchase, but on the contrary alleged that it was an individual purchase, for her own benefit.   One of the plaintiffs failed to testify at all, and the other, though testifying, failed to testify to any contract or understanding between the plaintiffs and defendant that in making the purchase the property was bought for the joint use of the plaintiffs and defendant, and that the deed was taken in the name of the defendant alone merely for convenience.   There was no evidence by any witness on this subject.   There was evidence from which the judge might have found that the parties were in  joint possession of the property, and that the defendant had admitted on various occasions that the plaintiff had equal interests in it with her.   Evidence of this character alone was not sufficient to authorize the judge to hold that in purchasing the property all of the parties participated as purchasers.   Under the plaintiffs' theory of the case, as portrayed by the allegations of the petition, the defendant had good title to the land unless it was impressed by an implied trust in their favor on account of their having paid a part of the purchase money and the circumstances under which the deed was executed to defendant.   It was incumbent upon the plaintiffs to show by evidence such a state of facts as would authorize the judge to find the existence of a trust.   The evidence was not sufficient to accomplish that purpose.   If there was no trust, the defendant ought not to be enjoined from selling her property.   The effect of the

order temporarily restraining the defendant was to preserve the status until the final hearing of the case, when it should be determined whether or not the deed should be reformed, as prayed, and other relief should be granted to the plaintiff. The judge has a broad discretion in granting such orders, but the nature of this case is not such as to authorize the preservative order.

*Judgment reversed. All the Justices concur.*